IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLAUDIA MORENO,<br> Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS,<br> Defendant. | Civil Action No. 3:25-cv-02440<br><br><br>**PLAINTIFF'S ORIGINAL<br>COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## I.    INTRODUCTION

1.   This case arises from the Federal Bureau of Prisons' (the "BOP") refusal to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Claudia Moreno (hereinafter referred to as "Ms. Moreno")—herself a former federal inmate at Federal Medical Center – Carswell ("FMC Carswell") in Fort Worth, Texas—submitted a targeted FOIA request in February 2025 seeking records that go to the heart of her identity, reputation, and ongoing civil litigation concerning her late partner, Jeffery Connole ("Mr. Connole").

2.   Despite narrowing the scope of her request on August 5, 2025, the BOP has failed to make a timely and adequate determination or to produce the requested records. This lawsuit seeks declaratory and injunctive relief to enforce Plaintiff's statutory rights.

3.   Ms. Moreno is not fishing for records out of idle curiosity. Rather, she seeks concrete and narrow information: whether the Bureau's files reflect that Mr. Connole visited her while she was incarcerated; whether he identified himself as her husband on BOP forms; and whether the Special Investigative Services unit generated reports concerning the contraband allegation that he gave her a wedding ring while she was detained. These are not speculative or marginal matters—

1

they have a significant and direct bearing on her claim to have been Mr. Connole's common-law wife and on her equitable rights in probate proceedings in Texas.

4.    FOIA was enacted to ensure transparency and accountability, and it is precisely in situations like this—where an individual's dignity, familial status, and property interests hang in the balance—that Congress intended to give citizens a prompt and enforceable right to their government's records. Despite Ms. Moreno's willingness to narrow her request in good faith to ease the agency's burden, the BOP has delayed, stonewalled, and refused to provide a lawful determination. Its inaction has already exceeded the statutory deadlines by months, leaving Ms. Moreno without access to records that may be decisive in her case.

5.    Plaintiff respectfully asks this Court to enforce the law. The stakes for Ms. Moreno are deeply personal and immediate. The records sought will help establish the truth of her relationship with Mr. Connole—truth the government already holds in its files—and will allow her to present her case fully and fairly in court. Therefore, Ms. Moreno now brings this action under the FOIA to compel the "BOP" to produce records responsive to her February 6, 2025, FOIA request (No. 2025-02073).

## II.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which governs lawsuits under the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has personal jurisdiction over the parties.

7.    Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff seeks judicial review of agency action in connection with records held by FMC Carswell, a facility

within the Northern District of Texas, and because Plaintiff's undersigned Counsel is located

within this federal judicial district.

### III.    PARTIES

8.    Plaintiff Claudia Moreno (also known as Claudia Lorena Marquez) is a former federal

inmate who was incarcerated at FMC Carswell in Fort Worth, Texas. Ms. Moreno currently

resides in Mexico but has retained counsel in Dallas, Texas.

9.    Defendant BOP is an executive branch agency within the meaning of 5 U.S.C. § 551, 5

U.S.C. § 552(f), and 5 U.S.C. § 702. The BOP is headquartered at 320 First Street, NW,

Washington, D.C. 20534, and it is a component of the Department of Justice. The BOP has

possession, custody, and control of the records that Plaintiff seeks.

### IV.    FACTS

10. On February 6, 2025, Ms. Moreno, through counsel, submitted a FOIA request to the

BOP. *See* Ex. A. Plaintiff's request was tailored from the outset, seeking only three narrow

categories of records:

- visitation logs showing whether Mr. Connole visited Ms. Moreno at FMC Carswell;

- any paperwork on which Mr. Connole identified himself as Ms. Moreno's husband; and

- any Special Investigative Services ("SIS") reports concerning an incident in which Mr.

   Connole allegedly gave Ms. Moreno "contraband" consisting of a wedding ring while she

   was incarcerated at FMC Carswell.

11. A few weeks later, the BOP eventually acknowledged receipt of Ms. Moreno's request on

February 19, 2025, assigned it a tracking number (No. 2025-02073), and placed it on a "complex

track," estimating up to nine months for processing. *See* Ex. B.

12. In requesting these records under the FOIA, Plaintiff complied with all applicable

statutory and regulatory requirements for seeking such information, including by providing an

authorization signed by Ms. Moreno and by reasonably describing the records sought. *See* 28

C.F.R. § 513.62 (FOIA requests by former inmates). Because the records request included this

information and was submitted in accordance with the BOP's published procedures, Plaintiff's

records request was a proper FOIA request under 5 U.S.C. § 522(a)(3)(A). *Cf. Lopez v. CIA*, 301

F. Supp. 3d 78, 88-89 (D.D.C. 2018) (FOIA lawsuit dismissed "[s]ince it is undisputed that

plaintiff's request was not sent through the proper channels to CIA . . ."); *see* Ex. C, BOP

Guidelines for FOIA Requests.

13. The significance of the records sought cannot be overstated. In probate litigation

currently pending in Texas state court, Ms. Moreno is seeking to establish her common-law

marriage to Mr. Connole, who passed away in September 2023. *See* Ex. D, Proof of Pending

Probate Litigation. The requested records may provide official government corroboration of that

relationship: they could show Mr. Connole publicly presenting himself as her spouse, visiting her

as a husband would, and risking disciplinary scrutiny to give her a wedding ring. In short, they

are central pieces of documentary evidence that only the BOP can provide.

14. After waiting for several months with no measurable progress on the FOIA requests,

Plaintiff's undersigned Counsel called the BOP on or about August 5, 2025, in order to

determine what could be done to expedite the records request. BOP employees informed the

undersigned Counsel to narrow the scope of Plaintiff's request would assist in expediting the

processing of the FOIA request, and as instructed by BOP personnel, the undersigned Counsel

directed his staff to send a reply to the BOP's initial email acknowledgment from February 19,

2025 with language narrowing the scope of the FOIA request. *See* Ex. E, Email Narrowing

Scope of FOIA Pending Request. However, over the last several weeks since narrowing the scope of this request, the BOP has failed to produce records or provide a lawful determination.

15. Despite those efforts, more than six months have passed without any substantive production or a lawful "determination" under FOIA. The agency has not indicated what records it will release, what exemptions it will claim, or even the scope of its search. *See* Ex. F, Current Status of Plaintiff's FOIA Request (BOP Web Portal and Email Acknowledgment).

16. Under binding precedent, the BOP's silence constitutes a violation of FOIA, especially where the requested records have significant evidentiary value in related legal proceedings involving Plaintiff. *See Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180 (D.C. Cir. 2013) (reversing summary judgment by district court in favor of FEC where agency did not communicate determination within meaning of 5 U.S.C. § 552(a)(6) within 20 days of filing of FOIA request); *see* 28 C.F.R. § 513.62 (time limits for processing of FOIA requests by BOP).

17. Ms. Moreno has constructively exhausted all administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i). Every day of further delay irreparably prejudices her ability to marshal evidence in ongoing probate litigation, impairs her right to tell her story truthfully, and undermines public confidence that the government will live up to its statutory duties of transparency.

## V.    CLAIMS FOR RELIEF

### COUNT I – Violation of FOIA: Failure to Conduct Adequate Search

18. Plaintiff hereby reasserts and incorporates all of the above and foregoing factual allegations as those fully set for and asserted herein.

19. Defendant is obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

20. Upon information and belief, Defendant has not conducted and/or completed any search for responsive records to Plaintiff's FOIA request. Defendant has not produced any records responsive to the FOIA request. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

21. Defendant's failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

22. Defendant has failed to demonstrate that it conducted a reasonable search for responsive records, contrary to 5 U.S.C. § 552(a)(3)(C).

**COUNT II – Violation of FOIA: Failure to Make Timely Determination**

23. Plaintiff hereby reasserts and incorporates all of the above and foregoing factual allegations as those fully set for and asserted herein.

24. Defendant is obligated under 5 U.S.C. § 552(a)(6)(A)–(B) to make a lawful determination within the statutory time limits. Specifically, the time limits provided under 5 U.S.C. § 552(a)(6)(A)(i) are 20 days, excluding Saturdays, Sundays, and legal public holidays, whereas the time permitted in certain unusual circumstances pursuant to 5 U.S.C. § 552(a)(6)(B)(i), provide for an additional 10 working days.

25. Through the staff of the undersigned Counsel, Plaintiff submitted a FOIA request to Defendant on February 6, 2025. Defendant failed to issue a substantive response, including a determination of whether to comply with the request and the reasons therefore. More than six months have passed since the time Plaintiff sought the records through her FOIA request, at one point, even narrowing the scope of records sought in a good faith effort to expedite ease the

administrative burden of the FOIA request and enable Defendant's production of responsive records. Still, Defendant has not responded.

26. Therefore, Defendant's failure to disclose all responsive records within the statutory time period therefore violates, at a minimum, 5 U.S.C. § 552(a)(6)(A) and (B) and the corresponding regulations.

### COUNT III – Violation of FOIA: Wrongful Withholding of Non-Exempt Records

27. Plaintiff hereby reasserts and incorporates all of the above and foregoing factual allegations as those fully set for and asserted herein.

28. Defendant has failed to disclose non-exempt records responsive to Plaintiff's FOIA request, in violation of 5 U.S.C. § 552(a)(3).

### COUNT IV – Violation of FOIA: Failure to Provide Expedited Processing

29. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

30. FOIA requires agencies to provide for expedited processing of requests for records where the requester demonstrates a "compelling need" as defined by statute, including situations where failure to obtain requested records expeditiously "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual" or where the request involves an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v).

31. The FOIA and implementing regulations also require agencies to make a determination on a request for expedited processing "within 10 days after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I).

32. On August 6, 2025, Plaintiff, through counsel, explicitly requested that Defendant Bureau of Prisons ("BOP") process her FOIA request expeditiously. Plaintiff made this request via a phone call with the BOP's FOIA office, during which Plaintiff's counsel explained that the requested records were urgently needed in connection with ongoing probate litigation in the State of Texas that implicates Plaintiff's due process rights. Plaintiff followed this phone call with an email on the same date, August 6, 2025, further narrowing the scope of her FOIA request in order to facilitate expedited production.

33. Despite Plaintiff's explicit request for expedited treatment, BOP failed to provide a determination on the request within ten days as required by statute, and instead has unreasonably delayed production of the requested records.

34. The BOP's failure to provide expedited processing as required by FOIA has prejudiced Plaintiff by impairing her ability to adequately present evidence in time-sensitive litigation pending in Texas probate court, where the records are directly material to her claims.

35. The BOP's refusal to grant or even adjudicate Plaintiff's request for expedited processing constitutes an unlawful withholding of agency action under 5 U.S.C. §§ 552(a)(6)(E) and 706(1).

## VI.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Assume jurisdiction over this action;

b. Declare that Defendant has violated FOIA insofar as Defendant has failed to make a determination on the FOIA Request within the statutory time frame, failed to conduct an adequate search for the requested records, and failed to disclose the records requested by Plaintiffs, or alternatively, declare that Plaintiff is entitled to expedited processing of her FOIA request under 5 U.S.C. § 552(a)(6)(E);

8

c.  Order Defendant BOP to immediately process Plaintiff's FOIA request on an expedited

basis and produce all responsive, non-exempt records without further delay;

d.  Order Defendant to conduct a full, adequate, and expeditious search for the requested

records;

e.  Order Defendant to expeditiously process and disclose all responsive, non-exempt

records, including segregable portions;

f.  Require Defendant to provide an index justifying any withholdings of records that

Defendant claims to be exempt;

g.  Enjoin Defendant from withholding any non-exempt records responsive to Plaintiff's

request;

h.  Award Plaintiff reasonable attorney's fees and costs pursuant to the Equal Access to

Justice Act, 5 U.S.C. § 552(a)(4)(E), and any other applicable provision of law; and

i.  Grant such other relief as the Court deems just, equitable, and proper.


Respectfully submitted,

THE LAW OFFICE OF JOHN M. BRAY, PLLC
911 N. Bishop Ave.
Dallas, TX 75208
Tel: (855) 566-2729
Fax: (214) 960-4164
Email: john@jmblawfirm.com



By:    /s/ John M. Bray_____
       John M. Bray
       Texas Bar No. 24081360
       ATTORNEY FOR PLAINTIFF

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF DALLAS** §

    BEFORE ME, the undersigned authority, on this day personally appeared ALEJANDRA GIEN FRANCO ("AFFIANT"), known to me to be the person whose name is included in the foregoing document, and who after being by me duly sworn, stated that she is above the age of twenty-one (21) years of age, is of sound mind, and is in all ways competent to make this verification. Affiant acknowledged that she had the substance of the foregoing document read to her, that she has personal knowledge of the facts contained herein, and that the factual statements contained herein above are true and correct to the best of Affiant's knowledge and belief.


_____

ALEJANDRA GIEN FRANCO,
Affiant


SUBSCRIBED AND SWORN BEFORE ME on this 20 day of August, 2025.

[SEAL]

Joselyn Trinidad Martinez Rodriguez
Exp. 2/23/2028
ID No.134779355

_____
NOTARY PUBLIC
In and for the State of Texas